IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON D. SAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2665-DWD |
| | ) |
| LOUIS DEJOY, Postmaster General, USPS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion and Affidavit to Proceed *In Forma Pauperis* (Doc. 3). The Court, under 28 U.S.C. § 1915(a)(1), may permit an indigent party to proceed without the pre-payment of fees. That statutory provision provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

Here, Plaintiff is employed at Greenville Nursing and Rehabilitation, where her wages are $14.50 an hour. (Doc. 3, pg. 1). She earns approximately $1000 in take-home pay every two weeks. (Doc. 3, pg. 1). Plaintiff has no other sources of income, but she receives SNAP benefits. (Doc. 3, pg. 2). Further, Plaintiff has less than $500 in cash or in a checking/savings account. (Doc. 3, pg. 3). Plaintiff owns two vehicles—a 2015 Buick

Encore and a 2012 Camry Hybrid. (Doc. 3, pg. 3). Her monthly expenses total $1255.50, which includes: $425 for rent; $200 for utilities; $60 for trash, sewage, and water; $200 for credit card payments; $180 for orthodontist payments; $115 for a phone; and $75.50 for cable and internet. (Doc. 3, pg. 3). Plaintiff "provide[s] everything" for her 14-year-old son. (Doc. 3, pg. 3). Finally, Plaintiff has $1300 in credit card debt. (Doc. 3, pg. 3). Based on these attestations in the Motion and Affidavit, the Court **FINDS** Plaintiff is indigent.

However, the above finding does not end the inquiry. The Court shall dismiss the case, at any time, if it determines (A) the allegation of poverty is untrue, or (B) the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against an immune defendant. *See id.* § 1915(e)(2). In the context of § 1915(e)(2)(B)(i), " 'an action is frivolous only if the petitioner can make no rational argument in law or facts to support his claim for relief.' [Citation]." *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (quoting *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983)). Relevant to § 1915(e)(2)(B)(ii), the complaint must contain sufficient factual matter that, when accepted as true, render the claims facially plausible, such that the Court may draw reasonable inferences as to liability. *See Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court inquires into the merits of the plaintiff's claims. *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

Here, Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1), which names Postmaster General Louis DeJoy as the only Defendant, alleges "I was sexually harassed[,] verbally and physically[,] by one co-worker and verbally harassed throughout my employment by another co-worker, causing a hostile work environment" with the United States Postal

Service ("USPS"). (Doc. 1, pgs. 1-2, 11). Plaintiff elaborates by stating: (1) she was "[a]ssaulted by co-worker, Joe Langham, when he touched my breast while training…[and] made several sexually inappropriate comments"; (2) she has not been permitted to work since May 18, 2021; and (3) she was "[r]etaliated against by being called 'crazy' and had to go for psychological testing after reporting [the] harassment." (Doc. 1, pgs. 5, 11-12). Plaintiff seeks $100,000 in compensatory damages, $300,000 in punitive damages, and an order allowing her return to work. (Doc. 1, pgs. 6, 12). Previously, Plaintiff filed a complaint under the regulations of the Equal Employment Opportunity Commission, resulting in a finding by the USPS that "the evidence does not support a finding that [Plaintiff] was subjected to discrimination…. Consequently, this complaint is now closed with a finding of no discrimination." (Doc. 1, pg. 40). In its final agency decision, the USPS stated, "if the complainant chooses to file a civil action, that action should be styled *Shannon D. Sapp v. Louis DeJoy, Postmaster General*." (Doc. 1, pg. 15).[1]

In consideration of Plaintiff's *Pro Se* Civil Rights Complaint, the Court **FURTHER FINDS** that the case is not necessarily frivolous or malicious as pled, does not fail to state

---

[1] 28 U.S.C. § 1339, pertaining to postal matters, states: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service." Further, 39 U.S.C. § 409(a) and (b), relating to lawsuits by and against the Postal Service, provide:

> (a) Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service….
>
> (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.

3

a claim for which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Jones*, 777 F.2d at 1279-80; *Arnett*, 658 F.3d at 751-52; *see also Peoples Gas, Light and Coke Co. v. U.S. Postal Service*, 658 F.2d 1182, (7th Cir. 1981) ("It is our view that…[§§ 1339 and 409(a)] serve to remove any barrier that might otherwise exist by reason of the doctrine of sovereign immunity. They permit the Postal Service, an independent executive establishment created by Congress, to sue and be sued."); *accord Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir. 1987); *Westwood Promotions, Inc. v. U.S. Postal Service*, 718 F. Supp. 690, 693 (N.D. Ill. 1989); *Miller v. U.S. Postal Service*, 815 F. Supp. 1195, 1199 (S.D. Ind. 1993).

Accordingly, the Court **GRANTS** the Motion to Proceed *In Forma Pauperis*. The Clerk of the Court is **DIRECTED** to prepare and issue a Form AO 440, Summons in a Civil Action, to Plaintiff and enclose blank USM-285 forms. If Plaintiff desires for the United States Marshal to serve process under Federal Rule of Civil Procedure 4(c)(3), she shall provide to the United States Marshal the summons issued, the completed USM-285 forms, and sufficient copies of the Complaint for service.[2] If the aforementioned documents are received from Plaintiff, then the United States Marshal is **DIRECTED** to serve the Summons, Complaint, and this Order upon Defendant in a manner consistent with Rule 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

**SO ORDERED.**

Dated: January 18, 2023

s/ David W. Dugan
DAVID W. DUGAN
United States District Judge

---

[2] To properly effectuate service, Plaintiff must consult the other provisions of Rule 4. *See* Fed. R. Civ. P. 4.