IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON D. SAPP, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-2665-DWD |
| | ) |
| LOUIS DEJOY, Postmaster General, USPS, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On January 18, 2023, the Court found Plaintiff was indigent. (Doc. 6). Further, the Court found this case was not frivolous or malicious, did not fail to state a claim for which relief may be granted, and did not seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); (Doc. 6). Accordingly, the Court granted Plaintiff's Motion and Affidavit to Proceed *In Forma Pauperis*. (Docs. 3 & 6).

Now, Plaintiff presents a Motion for the Recruitment of Counsel, stating "[e]ach attorney I talked to referred me to someone else. No one would take my case." (Doc. 8, pg. 1). Despite her efforts, Plaintiff has not been able to find an attorney because she "do[es] not have the funds." (Doc. 8, pg. 1). Plaintiff received "some college" education, but she does not feel knowledgeable enough to represent herself in court. (Doc. 8, pg. 1).

Relevantly, a plaintiff in federal civil litigation does not have a constitutional or statutory right to court-appointed counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *accord Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). However, under § 1915(e)(1),

"the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Walker*, 900 F.3d at 938 ("An indigent litigant…may ask the court to recruit a volunteer attorney to provide pro bono representation [under § 1915(e)(1)]."). The Court's discretionary decision on whether to recruit counsel is guided by two questions: (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so; and (2) whether, given the difficulty of the case, the plaintiff appears competent to litigate the case. *See Walker*, 900 F.3d at 938 (quoting *Pruitt*, 503 F.3d at 654); *accord Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). The first question presents a "threshold" burden for consideration under § 1915(e)(1). *See Pruitt*, 503 F.3d at 655; *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021).

Here, the Court **FINDS** Plaintiff has not met her "threshold" burden of demonstrating reasonable attempts to obtain counsel. Plaintiff merely states, without submitting any supporting documentation, "[e]ach attorney I talked to referred me to someone else. No one would take my case." (Doc. 8, pg. 1). Therefore, the Court cannot assess whether Plaintiff's efforts to obtain representation were reasonable. To adequately demonstrate her attempts to recruit counsel in any subsequent motions, Plaintiff must submit the names and addresses of at least three attorneys contacted for representation, the means by which she communicated with those attorneys (*e.g.*, by phone, letter, or email), the date of the communications, and the responses, if any, of the attorneys to her communications. *See Munz v. David*, No. 20-959, 2021 WL 2165119, *3 (S.D. Ill. May 27, 2021); *Rowe v. Warren*, No. 22-882, 2022 WL 3348791, *2 (S.D. Ill. Aug. 12, 2022). In

addition, Plaintiff must submit copies of any letter or email communications that she has with the attorneys. *See Rowe*, No. 22-882, 2022 WL 3348791, *2 (S.D. Ill. Aug. 12, 2022).

As an aside, the Court notes, on the limited record available at this early stage in the litigation, it does not appear Plaintiff is unable to competently litigate the case. When submitting filings and related attachments to the Court, Plaintiff, who has "some college" education, clearly and effectively articulated the claims and other issues by following the Court's form documents. (Docs. 2, 3, 8). *See Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022) ("The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience.' "). The Court also notes, at this early stage in the case, Defendant has not yet been served with process.

For these reasons, the Motion for the Recruitment of Counsel is **DENIED without prejudice**.

**SO ORDERED.**

Dated: February 21, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge