IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON D. SAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2665-DWD |
| | ) |
| LOUIS DEJOY, Postmaster General, USPS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF IMPENDING DISMISSAL FOR WANT OF PROSECUTION

This matter is before the Court upon a *sua sponte* review of the record. The Court screened Plaintiff's Complaint on January 18, 2023, under 28 U.S.C. § 1915. (Docs. 2 & 6). The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 3). The Clerk of the Court was directed to prepare and issue a Form AO 440, Summons in a Civil Action, to Plaintiff and to enclose blank USM-285 forms. (Doc. 6). Plaintiff was advised that, if she desired for the U.S. Marshal to serve process under Federal Rule of Civil Procedure 4(c)(3), she had to provide the summons issued, the completed USM-285 forms, and sufficient copies of the Complaint for service. (Doc. 6). If Plaintiff decided to take this course of action, then the U.S. Marshal was directed to serve the Summons, Complaint, and this Memorandum & Order upon Defendant in a manner consistent with Rule 4, as directed by Plaintiff. (Doc. 6). Costs were to be borne by the United States. (Doc. 6).

On May 15, 2023, a summons was returned as executed by the U.S. Marshal, indicating Defendant was served on April 17, 2023. (Doc. 10). As such, Defendant had until June 16, 2023, to file a responsive pleading or motion. (Doc. 10). As of this date,

however, Defendant has not filed an answer, motion, or other pleading in response to the Complaint, and Plaintiff has not updated or sought further action by the Court.

Therefore, the record indicates Plaintiff failed to properly effectuate service on Defendant, as required by Rule 4(i), or Defendant failed to move, answer, or otherwise plead in response to the Complaint, despite proper service.[1] Accordingly, **NOTICE IS HEREBY GIVEN** that the case will be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b) unless action is taken within **21 days** to effect service on Defendant or, if service was properly made and Defendant failed to respond to the Complaint, to move for the entry of default under Federal Rule of Civil Procedure 55(a).

Dated: May 20, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[1] In the Memorandum & Order that screened the Complaint, Plaintiff was advised that, "[t]o properly effectuate service, [she] must consult the other provisions of Rule 4." (Doc. 6 n. 2). The Court also noted 39 U.S.C. § 409(a) and (b), relating to lawsuits by and against the Postal Service, provide:

> (a) Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service….
>
> (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.

(Doc. 6 n. 1).